UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES G. HATCHETT,

          Plaintiff,

                                    Case No. 10-C-265

    -vs-

JUDGE WILLIAM EICH, in his official capacity
as Chair of the Government Accountability Board;
JUDGE GORDON MYSE, in his official capacity
as Vice Chair of the Government Accountability Board;
JUDGE THOMAS BARLAND, in his official capacity as
Secretary of the Government Accountability Board;
JUDGE MICHAEL BRENNAN, in his official capacity
as a member of the Government Accountability Board;
JUDGE THOMAS CANE, in his official capacity as
a member of the Government Accountability Board;
PHILLIP A. KOSS, in his official capacity as District Attorney,

          Defendants.

---

## DECISION AND ORDER

---

This matter comes before the Court on Charles Hatchett's ("Hatchett") motion for a temporary restraining order and/or a preliminary injunction. Hatchett wants to send post cards (a "Mailer") and distribute by hand and mail a Flyer bringing awareness to, and advocating a vote against, a referendum in the town of Whitewater. The text of the Mailer and Flyer will state "Town of Whitewater residents, Vote NO on referendum to sell beer on Whitewater Lake, April 6. Help us keep our lake safe." The referendum is up for a vote on April 6, 2010.

Mr. Hatchett will make a "disbursement" of over $25 to print and distribute the Mailer and Flyer. This triggers the registration and reporting requirements of Wis. Stat. § 11.23. Mr. Hatchett also must comply with the disclaimer requirements of Wis. Stat. § 11.30. Mr. Hatchett does not want to comply with these provisions because he believes they violate his First Amendment rights. Mr. Hatchett fears both civil and criminal prosecution if he does not comply. His fear is based upon the controversial nature of the referendum and his past experiences advocating against similar referendums.

Mr. Hatchett filed the instant action and accompanying motions on Friday, March 26. Late in the day on March 29, this matter was reassigned to the undersigned for purposes of resolving the motions for injunctive relief. Mr. Hatchett wants to send the Mailer and distribute the Flyer beginning today, March 30, just over a week prior to the election. He seeks immediate injunctive relief allowing him to produce and distribute the Mailer and Flyer without complying with the requirements of §§ 11.23 and 11.30, Wis. Stats. Mr. Hatchett does not provide proof of service, and the defendants have not made any sort of appearance in this case.

To obtain a temporary restraining order, Hatchett must comply with Fed. R. Civ. P. 65(b). Rule 65(b) provides that the Court may issue a temporary restraining order without notice to the adverse party or its attorney only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be

required." Hatchett fails to comply with either requirement. Therefore, to the extent that Hatchett moves for a TRO, his motion is denied.

To the extent that Hatchett moves for a preliminary injunction, Rule 65(a)(1) provides that a preliminary injunction may issue "only on notice to the adverse party." Put simply, without notice, the Court may not issue a preliminary injunction. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 432 n.7 (1974). Accordingly, the Court cannot issue an injunction allowing Hatchett to commence distribution on March 30 while ignoring the registration and disclaimer requirements under Wisconsin law.

Moreover, in the context of Rule 65(a), notice implies the opportunity to be heard and to present evidence. *Medeco Security Locks, Inc. v. Swiderek*, 680 F.2d 37, 38 (7th Cir. 1982). The Court must "allow [the adverse] party sufficient time to marshal his evidence and present his arguments against the issuance of the injunction," i.e., the adverse party must be afforded a "fair opportunity" to oppose the preliminary injunction. *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 105 (2d Cir. 2009) (quoting *Rosen v. Siegel*, 106 F.3d 28, 31 (2d Cir. 1997)). Given the short amount of time between the filing of the motion (March 26), Hatchett's desired date to commence distribution (March 30), and the referendum vote (April 6), the Court finds that the defendants cannot be given a fair opportunity to oppose the injunction.

Under normal circumstances, a party opposing a motion for a preliminary injunction is allowed 21 days to respond under the local rules of this judicial district. Civil L.R. 7(b)

(E.D. Wis.) Similarly, Fed. R. Civ. P. 6(c)(1) contemplates at least 14 days notice for a hearing (with certain exceptions). The Court has the discretion to expedite matters, but the referendum is only seven days away, and that is not enough time to comport with due process. In reality, the time frame is even shorter because Hatchett wants relief today (March 30), or presumably as soon as possible thereafter. As the referendum date approaches, the value of a court order necessarily diminishes. The Court cannot grant the relief sought by Hatchett without violating the notice requirements of Rule 65(a). "Although the timing requirements are applied flexibly in practice, the underlying principle of giving the party opposing the application notice and an adequate opportunity to respond is carefully honored by the courts." 11A WRIGHT & MILLER, FED. PRACTICE AND PROCEDURE § 2949 at 215; *Goss v. Beilfuss*, No. 06-C-737, 2006 WL 1889282, at \*1 (E.D. Wis. July 7, 2006) ("The ability of an adversary to respond to a motion necessarily means the opportunity to respond in a meaningful way").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Hatchett's motion for a temporary restraining order and a preliminary injunction [D. 3] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of March, 2010.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**