# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHARLES G. HATCHETT,

        Plaintiff,

        -vs-

Case No. 10-C-265

JUDGE WILLIAM EICH, in his official capacity
as Chair of the Government Accountability Board;
JUDGE GORDON MYSE, in his official capacity
as Vice Chair of the Government Accountability Board;
JUDGE THOMAS BARLAND, in his official capacity as
Secretary of the Government Accountability Board;
JUDGE MICHAEL BRENNAN, in his official capacity
as a member of the Government Accountability Board;
JUDGE THOMAS CANE, in his official capacity as
a member of the Government Accountability Board;
PHILLIP A. KOSS, in his official capacity as District Attorney,

        Defendants.

## DECISION AND ORDER

      Charles Hatchett ("Hatchett") wants to send post cards (a "Mailer") and distribute by hand and mail a Flyer bringing awareness to, and advocating a vote against, a referendum in the town of Whitewater. The text of the Mailer and Flyer will state "Town of Whitewater residents, Vote NO on referendum to sell beer on Whitewater Lake, April 6. Help us keep our lake safe." The referendum is up for a vote on April 6, 2010.

      Mr. Hatchett will make a "disbursement" of over $25 to print and distribute the Mailer and Flyer. This triggers the registration and reporting requirements of Wis. Stat. § 11.23. Mr. Hatchett also must comply with the disclaimer requirements of Wis. Stat. § 11.30. Mr.

Hatchett does not want to comply with these provisions because he believes they violate his First Amendment rights. Mr. Hatchett fears both civil and criminal prosecution if he does not comply. His fear is based upon the controversial nature of the referendum and his past experiences advocating against similar referendums.

On March 30, the Court issued an order denying Hatchett's motion for a TRO based on the lack of required certification pursuant to Fed. R. Civ. P. 65(b). The Court also denied the preliminary injunction because of the apparent lack of notice under Fed. R. Civ. P. 65(a). After the Court issued its order, Attorney Christopher Blythe from the Wisconsin Attorney General's Office contacted the Court, explaining that the defendants would not be enforcing the laws in any event in light of Judge Stadtmueller's decision that §§ 11.23 and 11.30, Wis. Stats., are unconstitutional as applied to a similar factual situation involving a previous liquor sales referendum in the Town of Whitewater. *Swaffer v. Deininger*, 610 F. Supp. 2d 962 (E.D. Wis. 2009). Defendants filed a letter to the same effect. D. 14.

Now before the Court is Hatchett's renewed motion for a TRO and/or a preliminary injunction, explaining that he actually did provide notice to opposing counsel (although there is no proof of service on file with the Court). Setting aside this apparent misunderstanding, the renewed motion seems unnecessary in light of the defendants' concession that the laws are unconstitutional as applied to Mr. Hatchett and that they will not be enforced. However, Mr. Hatchett insists that he wants legal relief to ensure that he will not be prosecuted. Under the unique circumstances presented here, injunctive relief can be entered to ensure that the laws are not enforced. The standards for injunctive relief are satisfied. Judge Stadtmueller's

ruling in *Swaffer* illustrates that Hatchett is likely to succeed on the merits. 610 F. Supp. 2d at 969-70 (finding §§ 11.23 and 11.30, Wis. Stats., unconstitutional as applied to plaintiff's use of postcards and yardsigns in opposition to referendum regarding liquor sales in Whitewater).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Hatchett's motion for a preliminary injunction [D. 8] is **GRANTED**; and

2. The defendants are **ENJOINED** from enforcing the provisions of §§ 11.23 and 11.30, Wis. Stats., against Hatchett in relation to his advocacy regarding the April 6 referendum in the Town of Whitewater.

Dated at Milwaukee, Wisconsin, this 31st day of March, 2010.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**