UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHARLES G. HATCHETT,

        Plaintiff,

v.                                         Case No. 10-C-265

**JUDGE THOMAS BARLAND, in his official capacity
as Chair of the Government Accountability
Board;
JUDGE GERALD NICHOL, in his official capacity
as Vice Chair of the Government Accountability
Board;
JUDGE MICHAEL BRENNAN, in his official capacity
as a member of the Government Accountability
Board;
JUDGE THOMAS CANE, in his official capacity
as a member of the Government Accountability
Board;
JUDGE DAVID DEININGER, in his official capacity
as a member of the Government Accountability
Board;
JUDGE TIMOTHY VOEKE, in his official capacity
as a member of the Government Accountability
Board;
and,
PHILLIP A. KOSS,
in his official capacity as District Attorney;**

        Defendants.

# DECISION AND ORDER

        This matter is before the Court on the motion of the Defendants for clarification of the injunctive clause of the Court's September 14, 2011, Decision and Order granting the motion for summary judgment of the Plaintiff, Charles G. Hatchett ("Hatchett"), in this civil action for declaratory and injunctive relief arising under the First and Fourteen Amendments to the United States Constitution. The Defendants note that the declaratory clause was limited to declaring that Wis. Stat. §§ 11.23 and 11.30 and Wis. Admin. Code §

GAB 1.655 are unconstitutional as applied to Hatchett. (*See* Court's September 14, 2011, Decision & Order at 46). However, the injunctive clause states, without similar limitation, that the defendants are permanently enjoined from enforcing the same three statutory and administrative code provisions. (*Id.*). The Defendants seek clarification as to the scope of the Court's Order and, in particular, whether it enjoins the defendants from enforcing the referenced provisions against any party under any circumstances. Hatchett has not responded to the motion and the time for any such response has passed.

In its Decision and Order, the Court declined to hold the statutes and related administrative code provision facially unconstitutional. *See id.* at 41-45. Therefore, it follows that, the Defendants' motion to clarify is granted to the extent that the Court clarifies its prior Order to indicate that the permanent injunction against the Defendants enforcing Wis. Stat. §§ 11.23 and 11.30 and Wis. Admin. Code GAB § 1.655 is with respect to Hatchett.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Defendants' 7(h) expedited non-dispositive motion for clarification is **GRANTED** (Docket No. 60) to the extent that the Court clarifies that the Defendants are **PERMANENTLY ENJOINED FROM ENFORCING** Wis. Stat. §§ 11.23 and 11.30 and Wis. Admin. Code GAB § 1.655 against Hatchett.

Dated at Milwaukee, Wisconsin, this 18th day of October, 2011.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**